UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE TRUSTEE, ) | |
| INDIANA LABORERS WELFARE, ) | |
| PENSION AND TRAINING FUNDS, ) | |
| ) | |
| Plaintiffs, ) | No. 1:15-cv-00137-JMS-MJD |
| ) | |
| vs. ) | |
| ) | |
| INDIANA CONCRETE SAWING AND ) | |
| DRILLING, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO CHANGE VENUE**

This matter comes before the Court on Defendant's Motion for Change of Venue. [Dkt. 13.] For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.     Background**

On February 2, 2015, David Frye ("Plaintiff") sued Indiana Concrete Sawing and Drilling, Inc. ("Defendant"), alleging that Defendant had violated the Employee Retirement Income Security Act of 1974 ("ERISA"). [Dkt. 1.] Plaintiff alleged that Defendant 1) had committed to making contributions to the Indiana Laborers Welfare Pension and Training Funds ("the Funds") and 2) had committed to allowing the Funds to examine Defendants' payroll books and records, but that Defendant had failed comply with these obligations. [*Id.* ¶¶ 6-10.] Plaintiff also alleged that the Funds maintain their office and principal place of business in Terra Haute, Indiana—i.e., within the Southern District of Indiana—and that Defendant is a corporation with its principal place of business in Fort Wayne, Indiana—i.e., within the Northern District of Indiana. [*Id.* ¶¶ 2-3.]

On April 21, 2015, Defendant moved the Court to transfer this case to the Northern District of Indiana, Fort Wayne Division. [Dkt. 13.] Defendant initially argued that venue in this Court was improper under 28 U.S.C. § 1391, [*see id.*], such that transfer was mandatory. *See* 28 U.S.C. 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall . . . transfer such case to any district or division in which it could have been brought."). In response, Plaintiff observed that, regardless of Defendant's argument, venue is proper in this Court under ERISA's specific venue provision. [*See* Dkt. 16 at 2 (citing 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered[.]")).] Defendant conceded as much in reply, [*see* Dkt. 17 at 2], but Defendant then argued that the Court should nonetheless transfer this case pursuant to 28 U.S.C. § 1404(a). [*See id.*] That subsection gives the Court discretion to transfer a case, and Defendant asked the Court to exercise this discretion because it would allegedly be more convenient to litigate this case in the Northern District of Indiana. [*See id.* at 2-6.]

Defendant raised this argument for the first time in its reply brief, and the Court observed that such arguments are typically waived. [Dkt. 20 (citing *Rives v. Whiteside Sch. Dist. No. 115*, 575 F. App'x 678, 680 (7th Cir. 2014)).] The Court, however, also observed that it may *sua sponte* consider whether transfer under 28 U.S.C. § 1404(a) is appropriate, and so rather than ignore Defendant's arguments, the Court ordered the parties to submit supplemental briefing on the issue. [*Id.*] The parties have now done so, and the Court now addresses their arguments.

## II.   Discussion

A district court may transfer a civil action to any other judicial district in which the action could have been brought, provided that such transfer is "in the interest of justice" or will promote

"the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The parties in this case agree that this action could have been brought in either the Northern or Southern District of Indiana, [*see* Dkt. 21 at 2; Dkt. 22 at 1], and the only question is thus whether transfer to the Northern District will promote the interests of justice and the convenience of the parties and witnesses. This determination requires a "flexible and individualized analysis" that accounts for "all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Specific factors to consider in the "convenience" analysis include "the availability of and access to witnesses;" "each party's access to and distance from resources in each forum;" and "the location of material events and the relative ease of access to sources of proof." *Id.* Specific factors to consider in the "interest of justice" analysis include "docket congestion and likely speed to trial;" "each court's relative familiarity with the relevant law;" the "desirability of resolving controversies in each locale;" and the "relationship of each community to the controversy." *Id.* The Court should balance each of these factors, but the Court will typically not disturb the plaintiff's choice of forum unless that balance "is strongly in favor of the defendant[.]" *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

### A. Convenience

The parties first dispute whether the Northern or Southern District would be more convenient for their officers and representatives. Defendant notes that it has offices only in the Northern District of Indiana and does business only in the Northern District of Indiana, [Dkt. 22 at 4], with the implication that it would be more convenient for it to defend this case in Fort Wayne. [*See id.*] Plaintiff, however, has offices only in Terra Haute, [Dkt. 21 at 5], such that a

transfer to Fort Wayne would necessarily make it more difficult for Plaintiff to pursue its cause of action. In light of this geographical arrangement, it appears that transferring this case to Fort Wayne would simply shift the inconvenience from Defendant to Plaintiff.

The goal of transfer, however, should be to eliminate—not merely shift—any inconvenience to the parties. *See, e.g.*, *Key Electronics, Inc. v. Earth Walk Commc'ns, Inc.*, No. 4:13-CV-00098-SEB-DML, 2014 WL 2711838, at *8 (S.D. Ind. June 16, 2014) (citing *In re Nat'l Presto Indus.*, Inc. ., 347 F.3d 662, 665 (7th Cir.2003)) ("[T]he effect of a transfer cannot be merely to shift the inconveniences from one party to the other."); *see also, e.g.*, *Gilman v. Walters*, No. 1:12-CV-0128-SEB-TAB, 2012 WL 3229283, at *3 (S.D. Ind. Aug. 6, 2012) (citation omitted) ("[W]e must ensure that the effect of this transfer is not 'a mere shift of inconveniences among parties.'"). Hence, even if a transfer of this case would be convenient for Defendant, the fact that such convenience would come only at Plaintiff's expense militates in favor of denying Defendant's motion.

The parties then dispute the convenience of litigating this case for their likely witnesses. Plaintiff asserts that its likely witnesses reside predominantly in Terra Haute, such that litigating this case in Indianapolis would be more convenient than litigating this case in Fort Wayne. [Dkt. 21 at 6; *see also* Dkt. 21-1 (Aff. of Tim Patrick).] Defendant asserts that its likely witnesses "are believed to reside in the Northern District [of Indiana] or are Michigan residents," such that they may more easily travel to Fort Wayne than to Indianapolis. [Dkt. 22 at 3; *see also* Dkt. 22-1 (Supplemental Aff. of Thomas K. Lowry).]

As an initial matter, the Court finds it speculative for Defendant to assert that litigating in Fort Wayne would be more convenient than litigating in Indianapolis: if Defendant's witnesses plan to fly from Michigan to Indiana, then it may in fact be more convenient for them to fly to

4

Indianapolis than to Fort Wayne. In addition, depending on **where** in the Northern District of Indiana Defendant's witnesses reside, Defendant's witnesses may actually live closer to Indianapolis than Fort Wayne. Thus, Defendant's current representations do not establish that its witnesses would in fact find it more convenient to litigate in the Northern District than the Southern District.

Next, even assuming that it **is** more convenient for some of Defendant's witnesses to litigate this case in the Northern District of Indiana, this does not end the analysis: Just as it is inappropriate to transfer a case if doing so would merely shift the inconvenience from one **party** to another, it is inappropriate to do so if transfer would merely shift inconvenience from one **witness** to another. *See, e.g.*, *Transnord, Inc. v. Saenz*, No. 87 C 9356, 1988 WL 31455, at *2 (N.D. Ill. Mar. 25, 1988) ("A plaintiff's choice of forum should not be disturbed where transfer merely shifts, rather than eliminates, inconvenience to the parties or witnesses."). Here, a transfer from Indianapolis to Fort Wayne could make it easier for some of Defendant's witnesses to appear at trial, but at the same time, such a transfer would make it more difficult for Plaintiff's Terra Haute-based witnesses to so appear. Transfer, that is, would merely shift the inconvenience to Plaintiff's witnesses, such that this factor does not support transfer.

Defendant then addresses the parties' resources and the ease of access to evidence and sources of proof. Defendant observes that it is a "small, locally-owned business with five employees," [Dkt. 22 at 4], and that "records and documents, including the payroll records and related information" at issue in this case, are located in the Northern District. [Dkt. 17 at 3.] It thus asserts that it would be overly burdensome to try to produce these materials at a location outside the Northern District of Indiana. [*See* Dkt. 22 at 4.]

5

This assertion overstates Defendant's alleged burden. As Plaintiff notes, the location of documents has little weight in the modern transfer analysis, as technology and electronic discovery have obviated many of the concerns associated with producing such documents. *See, e.g.*, *Got Gold? LLC v. Temple*, No. 12-2278, 2013 WL 139436, at *1 (C.D. Ill. Jan. 10, 2013) ("Plaintiff correctly notes that technology permitting electronic discovery diminishes the relevance of the location of documents."); *Aearo Co. v. Bacou-Dalloz USA Safety, Inc.*, No. 1:03-CV-01406-DFH-VS, 2004 WL 1629566, at *3 (S.D. Ind. July 21, 2004) (citation omitted) ("[T]o the extent that the parties' evidence consists of records and documents, their location is a small matter 'in these more modern days of photocopying, faxing and other electronic means of retrieval.'"); *accord, e.g., ESPN, Inc. v. Quiksilver, Inc.*, 581 F.Supp.2d 542, 548 (S.D.N.Y. 2008) ("In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly."). This factor thus has little relevance in deciding whether transfer is appropriate.

Defendant finally relies heavily on *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770 (N.D. Ill. 1998). [*See* Dkt. 17 at 2-5; Dkt. 22 at 4-5.] There, the plaintiff alleged that Omarc, Inc. had violated ERISA by failing to make contributions to a large pension fund. 6 F. Supp. 2d at 772-73. The fund was administered in Naperville, Illinois, and the defendant was a New Jersey corporation with its principal place of business in Atlantic City, New Jersey. *Id.* at 772. The plaintiffs filed suit in the Northern District of Illinois, but that court ultimately transferred the case to New Jersey. *Id.* It noted that many more witnesses were located in New Jersey than were located in Illinois; that the defendant was a small company that lacked the resources to litigate the case far from its home; and that New Jersey was the site of the events giving rise to the

6

litigation. *Id.* at 775-77. It thus determined that these factors outweighed the deference typically granted to a plaintiff's choice of forum. *Id.* at 777.

Defendant in this case contends that it is in the same position as the defendant in *Hanley*, insofar as Defendant alleges that it, too, is a small company that would prefer to litigate in the judicial district where many of its potential witnesses are located. [Dkt. 17 at 2-5.] The Court, however, finds that this case is easily distinguishable from *Hanley*: in that case, the New Jersey-based defendant and its witnesses were faced with litigating a case in an Illinois forum located halfway across the country. Here, in contrast, the Fort Wayne-based Defendant faces only a two-hour drive to Indianapolis. The degree of inconvenience in this case is simply not comparable to the degree of inconvenience in *Hanley*, and Defendant's reliance on that case thus does little to support its position.

Ultimately, then, the Court finds that the convenience factors outlined above are largely neutral. Both the parties and their witnesses will inevitably face inconvenience no matter where this case is tried, and to the extent that Defendant is in fact a small company with limited resources, the close proximity of Indianapolis and Fort Wayne will mitigate any burden Defendant faces. The convenience analysis therefore does not strongly favor transfer.

### B. Interests of Justice and Plaintiff's Choice of Forum

As noted above, the "interests of justice" involve factors such as docket congestion; the courts' familiarity with the relevant law; and the interest in having local controversies resolved within the relevant community. *Research Automation,* 626 F.3d at 978. The parties in this case did not discuss the first two factors, [*see* Dkts. 17, 21 & 22], and the Court thus assumes these factors are neutral to the transfer analysis. Defendant then briefly argues that the interest in having local controversies resolved within the relevant community favors transfer to the

Northern District of Indiana, as any ERISA violation that actually occurred in this case would have necessarily occurred when Defendant failed to make necessary payments while operating in the Northern District. [Dkt. 22 at 4.] Defendant, however, does not explain why such alleged violations are of any particular importance to the Northern District of Indiana, and indeed, Defendant repeatedly asserts that is a small business that presumably has little influence on the community as a whole. [*See, e.g.*, Dkt. 17 at 4; Dkt. 22 at 4.] The Court thus finds it difficult to imagine that the community within the Northern District of Indiana has any especial concern that this case be decided close to home, such that this factor—at most—only minimally favors transfer.

The parties then devote the majority of their discussion of the "interest of justice" to the plaintiff's choice of forum. [*See* Dkts. 21 & 22.] As noted earlier, the Court must respect the Plaintiff's choice and will typically not disturb that choice unless the balance of other factors strongly favors transfer. *See Presto Indus*, 347 F.3d at 663. In addition, Congress intended for ERISA's special venue provisions to help "protect the financial integrity of employee benefit plans" by allowing the plans to file suit "in the district where the plan is administered." *Dugan v. M & W Dozing & Trucking, Inc.*, 727 F. Supp. 417, 419 (N.D. Ill. 1989). Giving the plans the option to litigate in such a district advances Congressional intent by relieving the plans of the "undue hardship and expense to the funds" that would result from forcing the plans to litigate elsewhere. *Id.* As a result, a plaintiff's choice of forum in an ERISA action is "entitled to especially great weight." *Cent. States, Se. & Sw. Areas Pension Fund v. Salasnek Fisheries, Inc.*, 977 F. Supp. 888, 890 (N.D. Ill. 1997); *see also, e.g.*, *Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Bhd. Labor Leasing*, No. 93 C 1803, 1993 WL 385133, at *2 (N.D. Ill. Sept. 27, 1993) ("[I]n deciding a motion to transfer under section

1404(a) in the context of an ERISA action, we treat the Plaintiff's choice of forum as a primary consideration.").

Here, Plaintiff filed suit in this district, and the Funds' Collection Manager submitted an affidavit specifically stating that litigating in a different district would "increase the Funds' litigation costs and expenses because it will increase travel expenses and necessitate the payment of lodging expenses." [Dkt. 21-1 ¶ 7.] The Court thus finds that trying the current matter in this district would in fact advance the Congressional goal of protecting the Funds' financial health, and the Court consequently grants great weight to Plaintiff's choice of this forum. Furthermore—and as explained above—the other factors encompassed in the "convenience" and "interest of justice" analysis—at most—only minimally support a transfer to the Northern District of Indiana. As such, the Court finds that the great weight attributed to Plaintiff's choice of forum is sufficient to render transfer inappropriate.

In resisting this conclusion, Defendant again relies on *Hanley*. [Dkt. 22 at 4-5.] There, the court noted that a plaintiff's chosen forum—even in an ERISA action—"is not absolute and will not defeat a well-founded motion to transfer." 6 F. Supp. 2d at 775. As explained above, however, *Hanley* involved a situation in which the convenience factors much more strongly favored transfer than do the same factors in this case. Thus, even if *Hanley* stands for the proposition that the plaintiff's choice of forum is not entitled to "absolute" deference, the decision in that case does not change the Court's conclusion that—in **this** case—it should respect Plaintiff's choice of forum. The 1404(a) factors in this case are not arrayed as "strongly in favor" of transfer, *Presto Indus*, 347 F.3d at 663, as they were in *Hanley*, and so the Court will not override Plaintiff's choice forum. Defendant's motion is accordingly **DENIED**.

### III. Conclusion

For the reasons set forth below, the Court **DENIES** Defendant's Motion for Change of Venue. [Dkt. 13.]

Date: 07/01/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Shane C. Mulholland
BURT, BLEE, DIXON, SUTTON & BLOOM
smulholland@burtblee.com

Frederick W. Dennerline, III
FILLENWARTH DENNERLINE GROTH & TOWE LLP
fdennerline@fdgtlaborlaw.com